IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ivan A. Lee, | ) | Civil Action No. 5:14-3342-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Joseph McFadden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Ivan A. Lee, ("Petitioner"), an inmate in the custody of the South Carolina Department of Corrections, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for review of post-trial petitions for relief and a Report and Recommendation ("Report").

On May 18, 2015, the Magistrate Judge issued a Report, (ECF No. 41), recommending that the Petition be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and other cited authorities for failure to prosecute and failure to comply with court orders. Objections to the Report were due by June 4, 2015. Petitioner did not file an Objection to the Report. Instead, on or about May 29, Petitioner filed a one sentence "Leave for Extension of Time," (ECF No. 43), in which Petitioner requests "an extension of time...while awaiting financial certificate to return." It is unclear based upon this short, vague submission whether Petitioner is seeking an extension of time to file Objections to the Magistrate's Report, or a further extension of time in which to file a response to Respondent's long-pending Amended Motion for Summary Judgment. (ECF No. 35). Nor is it clear to what Petitioner is referring when he writes that he is awaiting the return of a "financial certificate," as Petitioner was long ago granted *in forma pauperis* status in this case. In

any event, the Court has reviewed all of these filings and the matter is now ripe for decision.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Applying the above standards to the instant matter, the Court has carefully reviewed the record, applicable law, and the Magistrate Judge's Report, (ECF No. 41), and finding no clear error in the Report, the Court adopts and incorporates it by reference. As the Magistrate Judge sets out in the Report, Respondent's Amended Motion for Summary Judgment, (ECF No. 35), was filed back on March 6, 2015, (ECF No. 35), and Petitioner was advised by Roseboro order, (ECF No. 36), to respond by April 9, 2015, or face potential dismissal of the Petition. After that time period elapsed, Petitioner was again alerted by Order dated April 13, 2015, (ECF No. 38), that if he did not respond by May 11, his case would be subject to dismissal for failure to prosecute and failure to abide by court orders. The record shows that Petitioner, again, did not respond as directed. Indeed, as of the date of this Order, Petitioner has *still* not furnished to the Court a response or opposition to Respondent's Motion for Summary Judgment, nor presented to the Court a valid justification for a

further extension of time. Accordingly, it is hereby **ORDERED** that Petitioner's Petition is **DISMISSED** *with prejudice* for failure to prosecute and failure to comply with court orders. Petitioner's Motion or "Leave For Extension of Time, (ECF No. 43), is **DENIED** as vague and unsupported. All other pending motions, (ECF Nos. 17, 25 and 35), are properly terminated as **MOOT**.

### Certificate of Appealability

The governing law provides that:

> (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253©. A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

s/Mary G. Lewis<br>
United States District Judge

June 11, 2015
Columbia, South Carolina